UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LESLIE  J. FEJFAR,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-13-0149-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>              Agency. | DATE: August 18, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro and Jacob Mojarro, Upland, California, for the
appellant.

Bobbi Mihal, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed the appeal of his alleged constructive suspension for lack of
jurisdiction.  Generally, we grant petitions such as this one only when:  the initial
decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as modified by the jurisdictional analysis set forth below, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant requested sick leave beginning May 18, 2008, due to his medical condition.[2] Initial Appeal File (IAF), Tab 5, Subtabs 4CC, 4DD, 4EE. On May 15, 2009, the appellant's psychiatrist, Dr. Samuel Albert, certified that the appellant could return to work within certain medical restrictions. IAF, Tab 5, Subtab 4T. The agency subsequently performed multiple searches but found that there was no available work for the appellant.[3] IAF, Tab 5, Subtabs 4I, 4M, 4KK. The appellant remained out of work until his retirement on January 31, 2013.[4] IAF, Tab 42 at 29.

---

[2] Although the appellant had previously suffered from a compensable injury, his award of compensation for permanent disability terminated on May 9, 2008. IAF, Tab 5, Subtabs 4V, 4FF.

[3] The parties appeared to proceed as if the appellant had partially recovered from an ongoing compensable injury when the agency conducted its searches. IAF, Tab 5, Subtabs 4I, 4M, 4KK.

[4] The appellant has filed an appeal of his retirement, claiming that he was constructively removed. The appeal has been docketed as MSPB Docket No. SF-0752-14-0034-I-1.

¶3     The appellant filed a Board appeal alleging that the agency constructively suspended him beginning May 15, 2009, when it failed to restore him to a position once he was able to resume work within certain medical restrictions. IAF, Tabs 1, 4.  The appellant also raised affirmative defenses of age and disability discrimination and retaliation for prior equal employment opportunity activity.  IAF, Tab 47 at 3.  After holding a hearing in the matter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 52, Initial Decision (ID) at 1, 15-16.  The administrative judge found that, although the appellant demonstrated that he communicated a willingness to work to the agency, he failed to establish that he was able to work within certain medical restrictions.  ID at 9-12.  The administrative judge also found that, even if the appellant had shown his ability to work within certain medical restrictions, the agency met its burden of establishing that there was no work available within those restrictions.  ID at 12-13.  She further found that the appellant failed to show that the agency was bound by the Rehabilitation Act to accommodate his medical conditions.  ID at 14-15.  Because the appellant did not establish Board jurisdiction, the administrative judge did not reach the appellant's affirmative defenses.  ID at 15.

¶4     The appellant has filed a petition for review.[5]  Petition for Review (PFR) File, Tabs 3-7.  The agency has filed an opposition to the petition for review, PFR File, Tab 11, to which the appellant has replied, PFR File, Tab 12.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     Certain employee-initiated leaves of absence that appear to be voluntary but are not may be appealable under 5 U.S.C. chapter 75 as constructive suspensions.

---

[5] The Office of the Clerk of the Board indicated that the appellant filed his petition for review on November 15, 2013, which would have been untimely filed by 1 day.  PFR File, Tab 8.  Because the appellant electronically filed the pleading from California at 11:55 p.m. local time on November 14, 2013, we find that his pleading was timely filed.  PFR File, Tab 3.

*See Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 7 (2014).  Assuming that the jurisdictional requirements of chapter 75 are otherwise met, to establish jurisdiction under these circumstances, the appellant must prove by preponderant evidence that:  (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice.  *See id.*, ¶¶ 7-8; *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013).  In cases where the appellant requests to return to work within certain medical restrictions after initiating an absence, the Board considers whether the agency was obligated by an agency policy, a regulation, a collective bargaining agreement, or the Rehabilitation Act to offer available work in determining whether the agency's actions were wrongful.  *See Crutch v. U.S. Postal Service*, 119 M.S.P.R. 460, ¶ 11 (2013), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10; *Baker v. U.S. Postal Service*, 71 M.S.P.R. 680, 692 (1996).

¶6    Here, the appellant's absence became involuntary once he expressed his desire to return to work and the agency was unable to find him work within his medical restrictions.  *See Bean*, 120 M.S.P.R. 397, ¶ 13.  Because the appellant established that he lacked a meaningful choice in the matter, he satisfies the first prong of the jurisdictional test.  *See id.*, ¶ 8.  The appellant, however, has failed to show that his absence was precipitated by an improper agency action.  Specifically, although the agency was obligated by the Employee and Labor Relations Manual (ELM) and the relevant collective bargaining agreement to make a genuine effort to find him light duty work, giving the matter "the greatest consideration" and "careful attention," the administrative judge properly found that the agency was unable to locate available light duty work within the appellant's medical restrictions despite its efforts.  ID at 12-13; IAF, Tab 5, Subtabs 4H (collective bargaining agreement at issue), 4Z (ELM); *see* IAF, Tab 5, Subtabs 4I, 4M, 4KK.  The administrative judge also properly found that the appellant failed to show that the agency was bound by the Rehabilitation Act

to accommodate his medical conditions because he could not perform—with or without accommodation—the essential functions of either his position of record or his bid position or the tasks that comprised a complete and separate position. ID at 14-15. Accordingly, the appellant has not satisfied the second prong of the jurisdictional test and the administrative judge properly dismissed the appeal for lack of jurisdiction. *See, e.g.*, *Bean*, 120 M.S.P.R. 397, ¶ 13.

¶7 As described herein, the appellant makes several challenges to the initial decision on review, but none of them provide a basis to disturb it. For instance, the appellant claims that the administrative judge erred in finding that he was no longer in receipt of benefits from the Office of Workers' Compensation Programs (OWCP) and that his injuries as of May 2008 were not compensable. PFR File, Tab 3 at 6. He attaches a letter from OWCP dated after the issuance of the initial decision as alleged new evidence to support his claims. PFR File, Tab 7 at 28-29. Contrary to the appellant's assertions, however, the alleged new evidence supports the administrative judge's findings that the appellant's receipt of OWCP benefits terminated in May 2008 and that his absence from work after that time was not due to a compensable injury. PFR File, Tab 7 at 28-29; ID at 2-3, 8. The appellant, therefore, has shown no error in the administrative judge's findings.

¶8 The appellant additionally claims that he was able to perform the position of Custodian, which the administrative judge found he was unable to perform, and attaches a letter from Dr. Samuel Albert dated October 28, 2013, as alleged new evidence to support his claim.[6] PFR File, Tab 3 at 8, Tab 5 at 5-12; ID

---

[6] Although the letter is dated after the issuance of the initial decision, Dr. Albert primarily focuses on the appellant's condition and capabilities as of May 15, 2009, seemingly for purposes of the petition for review. PFR File, Tab 5 at 5-12. To constitute new and material evidence, however, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). As demonstrated below, we have nevertheless considered the letter in our analysis and find that it is not material.

at 13. In the letter, Dr. Albert indicates that, in his psychiatric opinion, the appellant could have performed the requirements of the Custodian position with accommodation since May 2009. PFR File, Tab 5 at 10. Dr. Albert's statement, however, only addresses the appellant's psychiatric capabilities; it does not address the administrative judge's finding, based on the opinion of Dr. John Dorsey, the appellant's orthopedic doctor, that the duties of the Custodian position "were clearly beyond the appellant's physical restrictions, which limited his standing, sitting, walking, climbing, kneeling, bending/stooping, twisting, pulling/pushing, grasping, and reaching to differing amounts, not to exceed a total of 4-6 hours, or no hours, per day." *Id.*; ID at 13. Therefore, the appellant provides no basis to disturb the administrative judge's finding that the appellant failed to show that he could perform the Custodian position within his medical restrictions. ID at 13.

¶9 The appellant further alleges that the administrative judge erred in finding that the agency was not bound by the Rehabilitation Act to accommodate the appellant's medical conditions. PFR File, Tab 3 at 9. The appellant similarly relies on Dr. Albert's October 28, 2013 letter to show that, contrary to the administrative judge's findings, there were no restrictions that prevented the appellant from performing at least three separate bid positions. *Id.*; PFR File, Tab 5 at 5-12. The appellant is mistaken. In his October 28, 2013 letter, Dr. Albert states that he believes the appellant could have performed the psychiatric requirements of the identified positions with the same "reasonable accommodations" that he stated in his previous reports. PFR File, Tab 5 at 10. As the administrative judge properly identified, these accommodations included not working alone, not working with certain individuals, not being assigned stressful situations, and not being assigned work that is meticulous or delicate in nature. ID at 4; IAF, Tab 5, Subtab 4T. Therefore, Dr. Albert did not release the appellant to work without restrictions as of May 2009, as the appellant claims. Moreover, as stated above, Dr. Albert's letter only addresses the appellant's

psychiatric capabilities to perform the identified positions and does not purport to state that the appellant could physically perform the duties of those positions with or without accommodation. PFR File, Tab 5 at 10. Indeed, Dr. Albert refers the reader to Dr. Dorsey for information pertaining to the appellant's physical injuries. *Id.* Accordingly, the appellant provides no basis to disturb the administrative judge's reasoned and explained finding that the agency was not bound by the Rehabilitation Act to accommodate the appellant's medical conditions.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitute the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                         William D. Spencer
                         Clerk of the Board

Washington, D.C.